IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4236-N-BN |
| | § | |
| KAPLAN & ASSOCIATES LLP, ET AL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Pamela Crawford, proceeding *pro se*, has filed an Opposed Motion to Correct Her First Amended Complaint. *See* Dkt. No. 47. Plaintiff seeks to amend her complaint, *see* Dkt. No. 36, to substitute James P. Moon, PLLC, for James P. Moon, individually, as a defendant. Plaintiff also seeks to add a claim for post-employment retaliation. Defendants oppose the motion to amend. *See* Dkt. No. 47 at 8 (certificate of conference); Dkt. No. 52 at 6-7 (First Amended Joint Status Report). For the reasons explained below, the Court GRANTS Plaintiff's Opposed Motion to Correct Her First Amended Complaint [Dkt. No. 47].

**Legal Standards**

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at

*1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by [Federal Rule of Civil Procedure] 15(a)(2), or, if the time to seek leave to amend has expired, by [Federal Rule of Civil Procedure] 16(b)(4) and then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal

amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

## Analysis

Plaintiff's motion for leave is untimely under the Court's Initial Scheduling Order. *See* Dkt. No. 22 at 1.The deadline to amend pleadings was June 18, 2013. *See id.* Plaintiff filed her motion to amend on July 22, 2014. *See* Dkt. No. 47. Plaintiff's attorney was allowed to withdraw on May 16, 2014, and District Judge David Godbey stayed all proceedings in the case for 30 days, or until June 16, 2014, to permit Plaintiff to obtain substitute counsel, *see* Dkt. No. 43, but Plaintiff was unable to do so, *see* Dkt. No. 47 at 4 n.2.

3

Plaintiff seeks to amend her complaint because her attorney, allegedly acting without Plaintiff's knowledge or permission, sued the wrong party and agreed to accept service on Plaintiff's behalf in a related state court lawsuit filed during the pendency of this litigation. *See* Dkt. No. 47. The new cause of action that Plaintiff seeks to add is based on the state court lawsuit. *See id.* Plaintiff also contends that her attorney failed to keep her informed about and neglected discovery and other matters in this lawsuit. *See id.* Since assuming *pro se* status, Plaintiff has filed several motions and attempted to participate in discovery.

Under the peculiar circumstances of this case, the Court finds that Plaintiff could not have reasonably met the scheduling order deadline to amend her complaint, that the proposed amendments are important to Plaintiff, and that Defendant will not be prejudiced by the proposed amendment where the deadlines for discovery and motions is being extended by a separate order.

Plaintiff seeks leave to amend to substitute as a defendant James P. Moon, PLLC, for James P. Moon, individually. Plaintiff contends that her former counsel in this lawsuit added James P. Moon as a defendant without her knowledge or authorization and that the proper party is James P. Moon, PLLC. *See* Dkt. No. 47; Dkt. No. 52 at 6. Defendants generally argue that substituting James P. Moon, PLLC, for James P. Moon, individually is futile.

The United States Court of Appeals for the Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234

4

F.3d 863, 873 (5th Cir. 2000). To determine futility, the Court must apply the same standard as applies under Federal Rule of Civil Procedure 12(b)(6). *See id.* And, while the general rule is that the Court should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, the Court "need not permit futile amendments." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011).

Defendants argue that adding James P. Moon, PLLC, as a party is futile because James P. Moon, PLLC, directly or indirectly, was neither Plaintiff's employer nor did it exercise any rights or decision-making authority over Plaintiff, set Plaintiff's salary or terms of employment, or have responsibility for payment of any of Plaintiff's compensation. *See* Dkt. No. 52 at 6-7. But such a merits-based analysis of the defenses is best undertaken in the context of a Federal Rule of Civil Procedure 12(b)(6) or 56 motion. *See Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer."). Given the case law in this district and the nature of Rule 15's broad directive in favor of leave to amend, the Court finds that Defendants' allegations of futility present no substantial reasons that warrant denying Plaintiff's motion for leave. *See* FED. R. CIV. P. 15(a)(2); *Dussouy*, 660 F.2d at 598.

Plaintiff also seeks leave to amend to add a claim for post-employment retaliation based on Defendants' filing a state court lawsuit raising claims that were counterclaims that Defendants had originally asserted in but later dropped from this lawsuit. *See* Dkt. No. 47-1 at 6-8. Defendants do not address Plaintiff's proposed new claim in the First Amended Joint Status Report and their only objection is noted in the certificate of conference to Plaintiff's motion to amend her complaint.

## Conclusion

The Court GRANTS Plaintiff's Opposed Motion to Correct Her First Amended Complaint [Dkt. No. 47]. Plaintiff shall file the document contained at Dkt. No. 47-1, identified as Plaintiff's Second Amended Complaint, by **September 4, 2014**.

SO ORDERED.

DATED: August 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE